IN THE UNITED STATES DISTRICT COURT
                  FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


**NORBERT STURDEVANT,**

    **Petitioner,**


v.                       //        CIVIL ACTION NO. 1:10CV1
                                         (Judge Keeley)


**KUMA DEBOO, Warden,**

    **Respondent.**


**ORDER ADOPTING REPORT AND RECOMMENDATION OF THE
MAGISTRATE JUDGE [DKT. NO. 8], AND DISMISSING
THE PETITION WITH PREJUDICE [DKT. NO. 1]**

**I. INTRODUCTION**

On January 5, 2010, Norbert Sturdevant ("Sturdevant"), the pro se petitioner, filed an "Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241." (dkt. no. 1). Prior to filing this petition, Sturdevant pleaded guilty to assaulting a federal officer while on the Menominee Indian Reservation in the United States District Court for the Eastern District of Wisconsin. He was sentenced by that court on September 5, 2008, to a term of imprisonment of ninety-six months. Although Sturdevant did not appeal his conviction, he did file a motion to vacate his conviction or sentence pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of counsel, which was denied on May 1, 2009. Following this denial, on January 4, 2010, the United States Court of Appeals for the Seventh Circuit denied his request for a certificate of appealability. Subsequently, Sturdevant filed a writ

**ORDER ADOPTING REPORT AND RECOMMENDATION OF THE
MAGISTRATE JUDGE [DKT. NO. 8], AND DISMISSING
THE PETITION WITH PREJUDICE [DKT. NO. 1]**

of habeas corpus pursuant to 28 U.S.C. § 2241 ("the petition") with this Court. In the petition he asserts that he was denied effective assistance of counsel because his counsel did not object that the law he had violated was inapplicable on the Menominee Indian Reservation. He also asserts bad faith jurisdiction because the sentencing court took jurisdiction from the Menominee Indian Tribe. He further claims his guilty plea was involuntary and that he was deprived of his rights by Federal Tribal Police because he was arrested on a Menominee Indian Reservation.

In accordance with Local Rule of Prisoner Litigation 83.09, the Honorable James E. Seibert, United States Magistrate Judge ("Magistrate Judge Seibert"), reviewed the petition and, on January 7, 2010, issued a R&R recommending that the Court deny and dismiss the petition with prejudice. In the R&R, Magistrate Judge Seibert determined that Sturdevant had improperly filed his petition under § 2241 because his claims attack his conviction and sentence, claims properly raised by a § 2255 petition. Additionally, Magistrate Judge Seibert concluded that Sturdevant had failed to demonstrate that § 2255 provided an inadequate or ineffective remedy to his claims under the test set forth in In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). On January 15, 2010, Sturdevant filed timely objections to the R&R. (dkt. no. 11).

**ORDER ADOPTING REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE [DKT. NO. 8], AND DISMISSING THE PETITION WITH PREJUDICE [DKT. NO. 1]**

## II. STANDARD OF REVIEW

When considering a magistrate judge's R&R, a court must conduct a de novo review of any portion of the R&R to which a specific objection is made, 28 U.S.C. § 636(b)(1), but may adopt, without explanation, any of the magistrate judge's recommendations to which the petitioner does not object. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). Accordingly, the Court will address only those portions of the R&R to which Sturdevant has specifically objected.

## III. ANALYSIS

Sturdevant objects to the R&R's conclusion that 28 U.S.C. § 2241 is not the proper method to attack his conviction. He also argues that the issue of ineffective assistance of counsel is a constitutional challenge. Further, he objects to the "forked tongue approach" taken in the R&R as being extremely prejudicial to him. (dkt. no. 11). Sturdevant objects that the reasoning in the R&R amounts to an abuse of discretion because it was "favored" and lacked impartiality. (dkt. no. 11).

The remedy Sturdevant seeks, to have his conviction vacated, is properly sought under § 2255, not § 2241. See In re Jones, 226 F.3d 328 (4th Cir. 2000). Only collateral attacks on the manner of execution of a sentence are properly raised in a petition filed pursuant to 28 U.S.C. § 2241. See In re Vial, 115 F.3d 1192, 1194

**STURDEVANT V. DEBOO** 1:10CV1

**ORDER ADOPTING REPORT AND RECOMMENDATION OF THE
MAGISTRATE JUDGE [DKT. NO. 8], AND DISMISSING
THE PETITION WITH PREJUDICE [DKT. NO. 1]**

n.5. (4th Cir. 1997) (citing Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996)). Attacks on the validity of a conviction or sentence, such as Sturdevant is attempting to pursue, must be raised pursuant to 28 U.S.C. § 2255. Vial, 115 F.3d at 1194.

If a § 2241 petition challenges a federal conviction or sentence, a court must construe it as a § 2255 motion, unless § 2255 proves to be inadequate or ineffective to test the legality of the petitioner's detention. Tolliver v. Dobre, 211 F.3d 876, 877-78 (5th Cir. 2000). Only in that situation, may a prisoner seek a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Vial, 115 F.3d at 1194.

The United States Court of Appeals for the Fourth Circuit has held that a petition filed pursuant to § 2255 will be inadequate and ineffective to test a conviction's length only when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d at 333-34. Section 2255, however, does not become an inadequate or ineffective remedy simply because relief has become unavailable due to a limitation bar, a prohibition against

4

**STURDEVANT V. DEBOO**                                                  **1:10CV1**

**ORDER ADOPTING REPORT AND RECOMMENDATION OF THE
MAGISTRATE JUDGE [DKT. NO. 8], AND DISMISSING
THE PETITION WITH PREJUDICE [DKT. NO. 1]**

successive petitions, or a procedural bar for failure to raise an issue on direct appeal. Vial, 115 F.3d at 1194.

Here, Sturdevant challenges the constitutionality of his prior conviction due to ineffective assistance of counsel and denial of his rights as a member of the Menominee Indian Tribe. His petition, therefore, clearly constitutes a collateral attack on his sentence. Under Jones, however, he has not shown that a § 2255 motion is an inadequate or ineffective vehicle to test the legality of his sentence. 226 F.3d at 333-34. More specifically, he fails to provide any evidence or offer any argument that, subsequent to his "direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which [he] was convicted is deemed not to be criminal." Id. Moreover, there is no new rule of law that makes assaulting a federal police officer while on a Reservation lawful. Sturdevant's § 2241 petition, therefore, must be construed as a § 2255 motion.

When Sturdevant's petition is so construed, it fails to afford him relief because it qualifies as a second or successive § 2255 motion. For a petition to be considered successive, the first petition must have been dismissed on the merits. Harvey v. Horan, 278 F.3d 370 (4th Cir. 2002). If a district court finds that a § 2255 motion is a second or successive motion and the petitioner did not obtain authorization from the appropriate circuit court of

**STURDEVANT V. DEBOO**                                                    **1:10CV1**

**ORDER ADOPTING REPORT AND RECOMMENDATION OF THE
MAGISTRATE JUDGE [DKT. NO. 8], AND DISMISSING
THE PETITION WITH PREJUDICE [DKT. NO. 1]**

appeals to file a successive motion, the district court is without authority to hear the petition.  See United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003).

Without question, Sturdevant's first § 2255 petition was decided on the merits and dismissed by the United States District Court for the Eastern District of Wisconsin on May 1, 2009. To file a second or successive collateral attack on his conviction under § 2255, therefore, Sturdevant must first obtain permission from the Seventh Circuit, the appropriate circuit court of appeals in his case. See id. That appellate court denied Sturdevant such permission on January 4, 2010. (dkt. no. 8).

In light of the fact that Sturdevant's previously filed petition was decided on the merits, his current petition is clearly a successive or second motion. Because Sturdevant was denied certification to file a second or successive appeal from the United States Court of Appeals for the Seventh Circuit, this Court is without jurisdiction to consider his petition.  See 28 U.S.C. § 2255(h).

### IV. CONCLUSION

The R&R correctly applied the law, Sturdevant's objections to its impartiality are wholly without merit. The Court, therefore, **ADOPTS** Magistrate Judge Seibert's R&R (dkt. no. 8), and **DISMISSES** Sturdevant's § 2241 petition **WITH PREJUDICE.**

**STURDEVANT V. DEBOO                                          1:10CV1**

**ORDER ADOPTING REPORT AND RECOMMENDATION OF THE
MAGISTRATE JUDGE [DKT. NO. 8], AND DISMISSING
THE PETITION WITH PREJUDICE [DKT. NO. 1]**

It is so **ORDERED.**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability as Sturdevant has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong)(citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk to enter a separate judgment order and to transmit copies of it and this order to all appropriate agencies, and to send copies of both orders to the pro se petitioner, certified mail, return receipt requested.

Dated: August 4, 2010.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE